UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-94-1BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL INFORMATION |
| ) | |
| KIMITHI L. DAVIS ) | |
| a.k.a. "Kippy" ) | |

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTORY PARAGRAPHS

1. Beginning in or about June 2006 and continuing until at least August 31, 2007, KIMITHI L. DAVIS, a.k.a. "Kippy," and others known and unknown to the United States Attorney engaged in a scheme to defraud lenders, including federally-insured financial institutions, and to launder the proceeds of the underlying fraud.

2. During all relevant times, DAVIS operated a Knightdale, North Carolina business known as "Pro Bowl Brokerage" and "Pro Bowl Consulting, LLC" (collectively referred to herein as "Pro Bowl") that purported to help customers secure personal loans, business loans, and real estate financing. Though neither DAVIS nor Pro Bowl held any relevant professional brokerage license, DAVIS and Pro Bowl collected a fee from the proceeds of the loan in a fashion and amount misrepresented to the victim lenders.

3. During the course of the scheme, DAVIS and his co-conspirators secured financing for DAVIS, DAVIS' family, and Pro

Bowl customers on the basis of materially false information they provided to lenders and by corruptly persuading bank insiders to get the loans approved.

4. DAVIS engaged in financial transactions involving the profits of the scheme following the loan closings, to include the receipt of funds in satisfaction of his fee.

COUNT ONE

The Introductory Paragraphs set forth above are re-alleged and incorporated herein by reference.

Beginning in or about June 2006 and continuing until August 31, 2007, within the Eastern District of North Carolina, the defendant, KIMITHI L. DAVIS, a.k.a. "Kippy," did combine, conspire, confederate and agree with others known and unknown to the United States Attorney to commit certain offenses against the United States as follows:

(a) to knowingly conduct a financial transaction affecting interstate and foreign commerce which in fact involved the proceeds of specified unlawful activity, specifically, the violation of 18 U.S.C. §§ 1014, 1341, 1343, and 1344, with the intent to promote the carrying on of specified unlawful activity and knowing the financial transaction involved the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

(b) to knowingly engage in a monetary transaction in criminally derived property that was of a value greater than $10,000, in violation of 18 U.S.C. § 1957.

All in violation of Title 18, United States Code, Section 1956(h).

JOHN STUART BRUCE
Acting United States Attorney

By: _____
JASON H. COWLEY
Assistant United States Attorney

3